**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **MICHAEL ANTHONY WILLIAMS**<br>**LA. DOC #591376** | **CIVIL ACTION NO. 3:15-cv-1232** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, BOSSIER PARISH CORRECTIONS CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se petitioner Michael Anthony Williams, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 20, 2015. Petitioner attacks his 2011 conviction for possession with intent to distribute marijuana and the hard labor sentence imposed thereafter by Louisiana's Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** ast time-barred by the provisions of 28 U.S.C. §2244(d).

***Statement of the Case***

Petitioner was charged with possession with intent to distribute marijuana in case number 09-F-2897 of the Fourth Judicial District Court. On November 7, 2011, he was found guilty as charged and on February 1, 2012, he was sentenced to serve 17 years at hard labor. [Doc. 1, ¶1-7] He appealed his conviction arguing a single claim of sufficiency of the evidence. [Doc. 1-2, pp. 5-17] On September 21, 2012, his motion seeking an extension of time to file a supplemental pro se brief was denied. [Doc. 5-1, p. 57]On November 14, 2012, his conviction was affirmed and

Notice of Judgment was mailed. [Doc. 1-2, pp. 18-32; Doc. 5-1, 58-71 (Notice of Judgment and Slip Opinion)] See also *State of Louisiana v. Michael Anthony Williams*, 47,574 (La. App. 2 Cir. 11/14/2012), 107 So.3d 763.

In an application for writs post marked December 27, 2012, petitioner sought further direct review in the Louisiana Supreme Court. [Doc. 5-1, p. 4, Louisiana Supreme Court Notice of Filing] On June 14, 2013, his application for writs was denied without comment. *State of Louisiana ex rel. Michael Anthony Williams v. State of Louisiana*, 2013-0079 (La. 6/14/2013), 118 So.3d 1080. [Doc. 5-1, p. 6]

Meanwhile, on December 21, 2012, petitioner filed a pro se "Motion for Production and Release *Boykin* Transcript, Pretrial Minutes and of 72-hour Hearing" in the District Court. On January 31, 2013, the District Court, citing Louisiana law, granted petitioner a free copy of his *Boykin* transcript and the minute entry of his sentencing. [Doc. 5-1, p. 8] The Clerk of Court erroneously sent petitioner a copy of the plea colloquy involving defendant Micah Williams. [Doc. 5-1, pp. 9-25][1] On May 16, 2013, petitioner's writ application seeking review of the trial court's denial of his motion for production was denied by the Second Circuit Court of Appeals "[o]n the showing made..." *State of Louisiana v. Michael Williams*, No. 48,446-KH. [Doc. 5-1, p. 54, 73-74] Petitioner's timely application for certiorari [Doc. 5-1, p. 5] was denied by the Louisiana Supreme Court on November 15, 2013. In denying relief, the Supreme Court cited

---

[1] A *Boykin* transcript is the transcript of the plea colloquy between the Judge and a criminal defendant in which the Court advises the defendant of his Constitutional rights and in which the Court ascertains whether the defendant understands that he will waive those rights by pleading guilty. Petitioner did not plead guilty and instead went to trial. Therefore there is no *Boykin* transcript in petitioner's case.

*State ex rel. Bernard v. Cr. D.C*, 94–2247, p. 1 (La 4/28/95), 653 So.2d 1174, 1175.[2] *State of Louisiana ex rel. Michael Williams v. State of Louisiana*, 2013-1356 (La. 11/15/2013), 125 So.3d 1106.

On January 10, 2014, he mailed his *pro se* application for post-conviction relief to the District Court. [Doc. 5-1, p. 26] His application raised the following claims for relief: (1) ineffective assistance of counsel for failing to interview Warren Jefferson and obtaining an affidavit exonerating petitioner, (2) for withdrawing petitioner's request for a preliminary hearing, (3) for failing to subpoena Solomon Daniel, and (4) for refusing to subpoena audio/video recordings prepared by the Louisiana State Police; (5) the court ignored petitioner's Sixth Amendment right by failing to inquire into petitioner's dissatisfaction with counsel; (6) the Court accepted the expert opinion of Trooper Peters whose opinion was as to petitioner's guilt; and (7) prosecutorial misconduct when the prosecutor appealed to community conscience. [Doc. 5-1, pp. 28-43] On the same date he filed a Motion seeking free copies of the trial record. [Doc. 5-1, pp. 44-45]

---

[2] In *Bernard*, 653 So.2d at 1175, the Court discussed when and under what circumstances free transcripts or court documents could be made available to indigent inmates. The Court ultimately observed, "For the inmate requesting documents in anticipation of a collateral attack on his conviction, adequate opportunity to present his claims requires first and foremost meaningful access to the post-conviction procedures provided by the legislature in La.C.Cr.P. art. 924 *et seq*. That access does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents 'to comb the record for errors.' *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La.1975). If an inmate has identified specific constitutional errors in the proceedings leading to his conviction and sentence, as required by La.C.Cr.P. art. 930.3, he may also 'specify[ ] with reasonable particularity the factual basis for such relief,' and thereby meet the initial requirements set forth in La.C.Cr.P. art. 926 for filing the application and invoking the post conviction articles. An inmate therefore cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. [Citations omitted]

On February 21, 2014, the District Court denied petitioner's application for post-conviction relief and his motion seeking to obtain the trial record free of charge. [Doc. 5-1, pp. 46-48; Doc. 5-1, pp. 49-50]

On February 28, 2014, petitioner filed a notice of intent to seek writs. [Doc. 5-1, pp. 51-53] On March 27, 2014, petitioner filed a pro se writ application with the Second Circuit Court of Appeal. On May 14, 2014, the Second Circuit denied writs "[o]n the showing made..." and sent notice of judgment to petitioner. *State of Louisiana v. Michael Anthony Williams*, No. 49,353-KH. [Doc. 1-2, pp. 56-57; Doc. 5-1, p. 72]

On June 12, 2014, petitioner filed a pro se application for writs in the Louisiana Supreme Court. [Doc. 1-2, pp. 3 (Notice of Filing), 33-53 (writ application)] Petitioner's writ application was denied without comment on March 27, 2015. *State of Louisiana ex rel. Michael Anthony Williams v. State of Louisiana*, 2014-1218 (La. 3/27/2015), — So.3d —, 2015 WL 1608044. [Doc. 1-2, p. 2]

Petitioner filed the instant petition on April 20, 2015. Petitioner argues insufficiency of the evidence and 11 other claims which may be paraphrased as follows: (1) defense counsel failed to "argue and challenge" petitioner's request for a preliminary examination; (2) defense counsel failed to move the Court for a preliminary hearing; (3) defense counsel failed to argue and challenge in support of petitioner's motion to subpoena co-defendant Warren Jefferson; (4) defense counsel failed to move to compel a preliminary examination and request witnesses to testify; (5) defense counsel failed to move for an attachment when Jefferson failed to appear at the preliminary examination; (6) defense counsel waived petitioner's right to preliminary hearing; (7) a conflict of interest prevented defense counsel from moving the court to conduct a

preliminary hearing and to request an attachment when Jefferson did not appear as ordered; (8) conflict of interest prevented counsel from moving the court for a preliminary hearing; (9) had co-defendant testified prior to trial it is possible that he would have testified contrary to trial testimony; (10) preliminary hearing could have provided instances of inconsistent, false and contradictory statements by witnesses; and, (11) defendant was prejudiced by the Court's denial of defendant's request for pretrial and trial transcripts. [Doc. 1] Petitioner did not provide a memorandum or brief in support of his petition for habeas corpus.

## *Law and Analysis*

### *1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

[3] Petitioner does not argue, nor does it appear that any State created impediments prevented the filing of this petition. Further, petitioner does not argue, nor does it appear that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, petitioner does not argue, nor does it appear that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [*see Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

As previously noted, petitioner appealed his conviction to the Second Circuit Court of Appeals. On November 14, 2012, his conviction was affirmed and Notice of Judgment was mailed. [Doc. 1-2, pp. 18-32; Doc. 5-1, 58-71 (Notice of Judgment and Slip Opinion)] See *State of Louisiana v. Michael Anthony Williams*, 47,574 (La. App. 2 Cir. 11/14/2012), 107 So.3d 763.

Thereafter petitioner mailed his pro se application for writs to the Louisiana Supreme Court on December 27, 2012. [Doc. 5-1, p. 4, Louisiana Supreme Court Notice of Filing]

Supreme Court Rule X, §5(a) provides in pertinent part: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; ... No extension of time therefor will be granted." Therefore, by the clear terms of Rule X, petitioner had a period of 30 days from November 14, 2012, the date the Court of Appeals rendered its judgment and mailed notice of judgment on direct appeal, or, until December 14, 2012, to file a timely application for writs in the Louisiana Supreme Court. The evidence submitted by petitioner indicates that his writ application was not post-marked until December 27, 2012, almost 2 weeks after the Rule X deadline had passed. Thereafter, on June 14, 2013, the writ

application was denied without comment. *State of Louisiana ex rel. Michael Anthony Williams v. State of Louisiana*, 2013-0079 (La. 6/14/2013), 118 So.3d 1080. [Doc. 5-1, p. 6] However, since petitioner's application for *certiorari* was untimely, petitioner's judgment of conviction became final by the "expiration of the time for seeking" further direct review on December 14, 2012, when the Rule X deadline expired. *See Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008).[4]

Petitioner had one year from that date, or until December 14, 2013, within which to file a timely petition for *habeas corpus*. Petitioner cannot rely upon statutory tolling as provided by §2244(d)(2) because he did not mail and thus file his otherwise timely application for post-conviction relief in the Fourth Judicial District Court until January 10, 2014 [Doc. 5-1, p. 26] and, by that time, the AEDPA's one year period of limitation had already expired and could not be revived. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v.*

---

[4] In *Butler*, the Fifth Circuit analyzed a similar scenario and concluded: "Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Furthermore, it does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Compare Gilmore v. Baronne Development, LLC*, 2001-1104 (La. 5/4/2001), 791 So.2d 647; *see also Butler*, 533 F.3d at 319 (" ... there is no indication that the state court granted an extension or otherwise waived its own rule as to Butler. Butler did not even request an extension of time to file his late direct review application. He has not claimed that he received a letter from that court allowing a late filing such as did the defendant in *Hill v. Cooper*, 2007 WL 458207, No. 04-2588 (E.D.La.2007). We are not aware of any case in which the Louisiana Supreme Court *sua sponte* extended the amount of time in which to file under Rule X, § 5(a). *Contra Hughes*, 249 Fed.Appx. at 341 (Hughes requested and received an extension under § 5(b)); *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir.2004) (unpublished) (requested and did not receive an extension under § 5(a)); *Hill*, 2007 WL 458207 at *2 (requested and did receive an extension – unclear what basis). We conclude that the Louisiana Supreme Court found Butler's application for further review of his conviction to be untimely.")

*Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

Further, petitioner cannot rely on the pendency of his ill fated litigation seeking production of documents. As noted above, those proceedings remained pending from December 21, 2012, the date he filed his "Motion for Production and Release *Boykin* Transcript, Pretrial Minutes and of 72-hour Hearing" in the District Court until November 15, 2013, the date the Supreme Court denied writs citing *Bernard*. *State of Louisiana ex rel. Michael Williams v. State of Louisiana*, 2013-1356 (La. 11/15/2013), 125 So.3d 1106. Petitioner cannot rely upon the pendency of these motions for production to toll limitations because such motions are not considered "properly filed applications for State post-conviction or other collateral review ..." as defined by § 2244(d)(2). *See Boyd v. Ward*, 2001 WL 533221, *4 (E.D.La.2001); *Brisbon v. Cain*, 2000 Wl 45872, *2 (E.D.La.2000); *Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir.2002) *citing Williams v. Cain*, 125 F.3d 269, 274 (5th Cir.1997) (motion for appointment of counsel does not toll the one-year limitation period); *See also Myers v.* Cain, 2001 WL 1218763, *4 (E.D.La., 2001); compare *Wall v. Kholi*, 562 U.S. 545 at 553 (2011), "'collateral review' of a judgment or claim means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process."

***2. Equitable Tolling***

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Moreover, equitable tolling is not warranted when an attorney merely commits error or neglect. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002); *United States v. Petty*, 530 U.S. 361, 367 (5th Cir.2008) citing *Riggs*, 314 F.3d at 799; *Brown v. Thaler*, 455 Fed. Appx. 401, 407 (5th Cir.2011). Petitioner himself has conceded that his retained appellate attorney misinterpreted the applicable time limits. Clearly, petitioner is not entitled to equitable tolling by virtue of mere attorney error or neglect.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### *3. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 10, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**